UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| SHERREE BIRTCIEL, as surviving spouse of Steven Birtciel, and on behalf of Scott Birtciel, *et al.*, | ) ) ) ) | |
| Plaintiff, | ) ) | 2: 13-cv-2511 JWS |
| vs. | ) ) | ORDER AND OPINION |
| XL SPECIALTY INSURANCE, *et al.*, | ) ) | |
| Defendants. | ) ) | |

## I.  MOTION PRESENTED

At docket 20, defendant XL Specialty Insurance ("XL") moves for reconsideration, or in the alternative for clarification, of the court's oral order issued during the conference held on March 5, 2014, in which the court addressed a request by plaintiff Sherree Birtciel ("Plaintiff") to discover communications between Jet Arizona and XL. The court ruled that discovery of such communications was permissible. Plaintiff opposes the motion at docket 25.  XL's reply is at docket 30.

## II.  BACKGROUND

On April 20, 2005, Steven Birtciel was flown from a regional medical center to a metropolitan hospital by Jet Arizona, Inc. ("Jet Arizona").  Plaintiff alleges that the negligence of Jet Arizona employees caused Steven Birtciel's death.  Plaintiff also

alleges that Jet Arizona was insured under one or more liability insurance policies issued by XL. Plaintiff has obtained a $4.2 million judgment against Jet Arizona and asks this court to declare that insurance provided by XL covers that judgment.[1]

### III.  DISCUSSION

The court's understanding of the situation during the March 5, 2014 conference, was that XL had refused to provide Plaintiff with a copy of any liability insurance policy issued to Jet Arizona, that Plaintiff had reason to believe there was more than one such policy, and that Plaintiff needed to see communications between XL and Jet Arizona to determine which XL policies insuring Jet Arizona were in force on April 20, 2005.

After reviewing the parties' papers addressing the pending motion, the court concludes that it did not correctly understand the situation when it issued the oral order which is the subject of the pending motion. It follows the oral order must be reconsidered. When it ruled from the bench, the court did not intend to open wide the door to discovery of all communications between XL and Jet Arizona, for as XL correctly argues such communications would not ordinarily be discoverable unless there is an ambiguity in the pertinent insurance policy. On the other hand, it was the court's understanding that XL had taken the position that there was either no policy or only one policy issued to Jet Arizona, while plaintiff had reason to believe there were multiple policies that possibly could provide coverage for Plaintiff's claim.

Given the court's incomplete understanding of the situation, the oral order that discovery of communications between XL and Jet Arizona is permissible is **VACATED**.

---

[1]Doc. 32.

Instead, the court will order XL to provide Plaintiff with copies of all liability policies of any type issued to Jet Arizona which were in effect on April 20, 2005.  One such policy was provided to Plaintiff's counsel months ago,[2] but there is no indication that any other liability policy has been provided.  XL shall provide Plaintiff's counsel with copies of all such other liability policies within 14 days from the date of this order.  If, after examining the policies, Plaintiff identifies a liability policy which she may reasonably contend provides coverage, and if she also identifies an ambiguity in that policy, she may make a motion for further discovery relating to communications between XL and Jet Arizona concerning that policy.

## IV.  CONCLUSION

For the reasons discussed above, the motion at docket 20 is **GRANTED** such that the order reflected in the minute entry at docket 17 to the effect that discovery of communications between XL and Jet Arizona is permissible is **VACATED**; and

**IT IS FURTHER ORDERED** that XL shall provide Plaintiff with copies of all liability policies issued to Jet Arizona which were in effect on April 5, 2005, within 14 days.

DATED this 12th day of June 2014.

/s/ JOHN W. SEDWICK
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] Doc. 28.